IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 7:07-711-TMC |
| | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Terrance Simpson, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Terrance Simpson's ("Simpson's") Motion to Compel the Government to file a Rule 35(b) motion for substantial assistance (ECF No. 1617), Motion to Appoint Counsel (ECF No. 1654), and Motion for a Hearing (ECF No. 1696). For the reasons below, Simpson's motions are denied.

**Procedural History**

On July 10, 2007, Simpson was named in Count One of a seven-count Superseding Indictment charging Simpson and 31 co-defendants with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846. (ECF No. 433). On October 2, 2007, Simpson pled guilty to the charge pursuant to a written plea agreement which provided for a departure if Simpson provided substantial assistance. (ECF No. 717).

On February 15, 2008, the government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1. (ECF No. 1007). During the sentencing hearing on February 19, 2008, the district court granted the government's motion and Simpson was sentenced to 180 months imprisonment ad 5 years of supervised release. (ECF No. 1020). Judgment was entered on March 21, 2008. (ECF No. 1087). Simpson did not appeal his sentence

and conviction.  Simpson filed a § 2255 motion on February 2, 2009.  (ECF No. 1210).  The government filed a motion for summary judgment on March 26, 2009.  (ECF No. 1238).  On May 29, 2009, the court denied Simpson's § 2255 motion and granted motion for summary judgment.  (ECF No. 1296).

On October 28, 2009, the government filed a motion to reduce Simpson's sentence pursuant to Fed.R.Crim.P. 35. (ECF No. 1334).  A hearing was held before the Honorable Henry F. Floyd on November 19, 2009, and the sentence was reduced to 150 months. (ECF No. 1344). On May 12, 2010, Simpson filed a motion to amend/correct his sentence. (ECF No. 1370).  The government responded to the motion on June 7, 2010.  (ECF No. 1376).  The court ruled this motion was moot on May 20, 2011.  (ECF No. 1482).

On February 4, 2011, the government filed another motion to reduce Simpson's sentence pursuant to Rule 35. (ECF No. 1448).  On May 11, 1011, the court reduced Simpson's sentence to 100 months. (ECF No. 1476)

On August 25, 2011, Simpson filed another § 2255 motion to vacate. (ECF No. 1507).  On December 12, 2011, the motion was dismissed as successive.  (ECF No. 1538). A motion to reconsider was filed on February 29, 2012, and denied on March 6, 2012.  (ECF Nos. 1575, 1576).

Simpson filed the instant motion to compel the government to file another Rule 35(b) motion on November 1, 2012.  (ECF No. 1617).  Simpson has also filed an additional motion to appoint counsel and reduce sentence based on the Fair Sentencing Act of 2010 on February 25, 2013.  (ECF No. 1654).  The government responded in opposition to the motion to compel on March 4, 2013.  (ECF No. 1655). Simpson filed another motion pursuant to § 2255 and to appoint counsel on May 6, 2013.  (ECF No. 1672).

2

## Standard of Review

In *Wade v. United States*, 504 U.S. 181 (1992), the Supreme Court held the ability to file a motion to reduce a sentence pursuant to U.S.S.G. § 5K1.1 is "a power, not a duty," and the decision whether to do so is within the discretion of the prosecutor. 504 U.S. 181, 185. "[A] prosecutor's discretion . . . is subject to constitutional limitations that district courts can enforce." *Id.* at 185. The district court may review a prosecutor's refusal to file a motion to reduce the sentence due to substantial assistance and grant a remedy where: (1) the prosecutor's decision to not file a motion to reduce sentence is not rationally related to any legitimate government end; or (2) the decision was based on an unconstitutional motive, such as race or religion. *Wade*, 504 U.S. at 185-186. "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Wade*, 504 U.S. at 186.

Although in *Wade* the motion was filed pursuant to § 5K1.1, most circuits, including the Fourth Circuit, have also applied the standard set out in *Wade* when considering the prosecutor's refusal to file a substantial assistance motion under Fed.R.Crim.P. 35(b). *See United States v. Dais*, 308 Fed.Appx. 677 (4th Cir. 2009)(applying the *Wade* standard to Rule 35(b) motion). *See also United States v. Doe*, 940 F.2d 199, 203 (7th Cir. 1991); *United States v. Moran*, 325 F.3d 790, 793 (6th Cir. 2003); *United States v. Marks,* 244 F.3d 971, 973 (8th Cir. 2001); *United States v. Gangi*, 45 F.3d 28, 30-31 (2d Cir. 1995); *United States . v. McNeese*, 547 F.3d 1307 (11th Cir. 2008).

## Discussion

Fed.R.Crim.P. 35(b) has two provisions allowing for the reduction of a sentence for substantial assistance depending upon when the motion is filed. Subsection (b)(1) only

applies to motions filed within one year after sentencing. As the court sentenced Simpson over five years ago, subsection (b)(1) is not applicable in this case.

Pursuant to subsection (b)(2), the government may move for a reduction for substantial assistance more than one year after sentencing, if the defendant's substantial assistance involved:

> (A) information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(2).

Assuming Simpson provided substantial assistance which meets subsection (b)(2)'s requirements, *Wade* still requires that a defendant also establish one of the two additional elements - unconstitutional motive or that the government's decision was not rationally related to a legitimate government end. *Wade*, 504 U.S. at 185-186. The allegation that the Government has acted improperly must be more than a generalized claim that the Government did not file a Rule 35(b) motion. In Simpson's Motion to Compel, he fails to allege an unconstitutional motive or that the government's decision was not rationally related to a legitimate government end. (ECF No. 1617). Accordingly, the court denies Simpson's Motion to Compel. (ECF No. 1617).

In his Motion to Appoint Counsel, Simpson also seeks a sentence reduction based on Amendment 750 to the sentencing guidelines and the Fair Sentencing Act of 2010

4

("FSA"). (ECF No. 1654).[1] The FSA increased the amount of crack to trigger statutory mandatory minimum terms of imprisonment. *See* Pub.L. No. 111–220, § 2, 124 Stat. 2372 (2010). In turn, Amendment 750 to the Sentencing Guidelines further lowered offense levels for crack offenses. *See* U.S.S.G. App. C (2011). When applicable sentencing guidelines have been amended subsequent to a defendant's sentencing, a defendant may be entitled to seek relief under 18 U.S.C. § 3582(c)(2). However, Simpson's claim for relief under that section fails because the FSA does not apply retroactively.

In *United States v. Bullard*, 645 F.3d 237, 248 (2011), the Fourth Circuit reviewed the defendant's sentencing in a crack cocaine case and explicitly decided to "agree with all eight circuits that have ruled on the issue that the FSA contains no express statement of retroactivity, nor can any such intent be inferred from its language." The holding in *Bullard* was subsequently limited by the Supreme Court in *Dorsey v. United States*, ––– U.S. –––, –––––, 132 S.Ct. 2321, 2331, 183 L.Ed.2d 250 (2012). In *Dorsey*, the Supreme Court held that the FSA may be applied retroactively to an individual whose crime occurred before FSA passage but whose sentencing occurred afterwards. *Id.* Simpson, however, does not qualify for retroactive application under this rule because he committed his offenses and was sentenced prior to passage of the FSA. Because the FSA does not apply retroactively to individuals in Simpson's position, Simpson is not entitled to resentencing under § 3582(c)(2).

Moreover, Simpson is not eligible for relief under § 3582(c)(2) because he was

---

[1]In general, a court lacks authority to modify a term of imprisonment "once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(2), however, creates a limited exception, authorizing the court to modify a defendant's term of imprisonment if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). Any such reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

sentenced as a career offender. *See United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010)(holding "a district court lacks the authority to grant a motion for a reduced sentence under Amendment 706 if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision." (footnote omitted)).

Additionally, on May 6, 2013, Simpson sent a letter to the Court again requesting that he be appointed counsel in regard to his Motion to Compel and further arguing that his sentence was illegal because his failure to stop for a blue light conviction did not qualify as a violent felony. (ECF No. 1672). The Court construes the latter part of Simpson's letter as motion pursuant to 28 U.S.C. § 2255, and dismisses it as successive. *See McKinzie v. United States*, No. 2:11–cv00157, 2012 WL 170890, at *1 (S.D.W.Va. Jan. 20, 2012) (construing prisoner's letter as a habeas corpus motion to vacate, set aside, or correct sentence). Simpson need not be notified prior to recharacterizing the letter as a successive § 2255 petition because Simpson previously filed a Motion to Vacate, Set Aside, or Correct Sentence under § 2255 (ECF No. 1538), that was recharacterized as a successive § 2255 petition. *Castro v. United States*, 540 U.S. 375, 383 (2003) (holding that, because such recharacterization can have later adverse consequences, a district court must notify a pro se litigant of its intent to recharacterize a pleading as a *first* § 2255 motion).

## IV. Conclusion

For the foregoing reasons, Simpson's letter (ECF No. 1672) is hereby recharacterized as a motion attacking his federal sentence pursuant to 28 U.S.C. § 2255, and is hereby **DISMISSED** without prejudice for lack of jurisdiction. Simpson is again advised that, in order to pursue any future motions pursuant to 28 U.S.C. § 2255, he must petition the United States Court of Appeals for the Fourth Circuit, and seek permission to file another § 2255 motion in this Court. Furthermore, Simpson's Motions to Compel, Appoint Counsel,

and for a Hearing are **DENIED**.  (ECF Nos. 1617, 1654, 1672, and 1696).          A
certificate of appealability will not issue absent "a substantial showing of the denial of a
constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by
demonstrating that reasonable jurists would find both that his constitutional claims are
debatable and that any dispositive procedural rulings by the district court are also debatable
or wrong. *See Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676,
683 (4th Cir.2001). In the instant matter, the court finds that Petitioner has failed to make
"a substantial showing of the denial of a constitutional right."  Accordingly, the court declines
to issue a certificate of appealability.

   **IT IS SO ORDERED.**


         s/Timothy M. Cain
         United States District Judge


July 16, 2013
Anderson, South Carolina